**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DR. MAKETA JOLLY,
                    Plaintiff,             )        C.A. No. 26-130 Erie
                                           )
        v.                                 )
                                           )        **District Judge Susan Paradise Baxter**
THE GOVERNOR OF THE            )
COMMONWEALTH OF                )
PENNSYLVANIA, et al.,          )
                    Defendants.            )

**OPINION AND ORDER**

On May 22, 2026, Plaintiff Dr. Maketa Jolly commenced this action by filing a motion

to proceed *in forma pauperis* [ECF No. 1], with an attached *pro se* civil rights complaint

pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 against the following Defendants: the Governor

and the Attorney General of the Commonwealth of Pennsylvania ("Commonwealth

Defendants"); the Governor and the Attorney General of the State of New Jersey; the Governor

and the Attorney General of the State of Vermont; and the Governor and the Attorney General

of the State of New York.

The complaint alleges that state "officials in Pennsylvania, New Jersey, Vermont and

New York have engaged in a coordinated pattern of administrative manipulation, record

fabrication, discriminatory targeting, and obstruction of judicial processes…."

28 U.S.C. § 1391(b) provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of
> citizenship may, except as otherwise provided by law, be brought only
> in (1) a judicial district where any defendant resides, if all defendants
> reside in the same State, (2) a judicial district in which a substantial part
> of the events or omissions giving rise to the claim occurred, or a
> substantial part of property that is the subject of the action is situated,

1

or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Here, despite Plaintiffs' bald assertion that venue is proper in this Court "because a substantial portion of the events giving rise to the claims occurred within this District…," the Complaint is completely devoid of any allegations substantiating this assertion. Instead, the complaint merely makes vague assertions regarding the appearance of "false records in Pennsylvania's administrative systems, misrepresenting [Plaintiff's] professional history and personal background" that were then "disseminated across jurisdictions…." (ECF No. 1-1, at p. 4). Moreover, it is apparent from the complaint that both of the named Commonwealth Defendants are located in the Eastern District of Pennsylvania (ECF No. 1-1, at p. 20), and Plaintiff herself is a resident of King of Prussia, Pennsylvania, which is also located in the Eastern District. Thus, venue of this action is improper in this district, and this case should be transferred to the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1404(a), which provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

WHEREFORE, on this 27th day of May, 2026,

IT IS HEREBY ORDERED that this case be transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b) and 1404(a) forthwith.

_____
SUSAN PARADISE BAXTER
United States District Judge

2